707 N.W.2d 591 (2005)
474 Mich. 986
46TH CIRCUIT TRIAL COURT, Plaintiff, Counter-Defendant, Third-Party Plaintiff-Appellee,
v.
COUNTY OF CRAWFORD and Crawford County Board of Commissioners, Defendants, Counter-Plaintiffs, Third-Party Plaintiffs-Appellants, and
County of Kalkaska, Intervening Defendant, Counter-Plaintiff, Third-Party Plaintiff-Appellant, and
County of Otsego, Third-Party Defendant.
Docket Nos. 128878 & (142)(145)(146)(150)(152)(153)(156). COA No. 254179.
Supreme Court of Michigan.
December 28, 2005.
On order of the Court, the motion for immediate consideration and the motions to exceed page limit are GRANTED. The application for leave to appeal the May 3, 2005 judgment of the Court of Appeals is considered, and it is GRANTED, limited to the issues: (1) what evidence supported the conclusion that the level of funding offered by the counties was insufficient to allow the court to fulfill essential court functions; (2) with respect to the dispute over pension and health care benefits, what evidence supports the conclusion that these benefits were reasonable and necessary to achieve the court's constitutional and statutory responsibilities, and that the court's failure to obtain such benefits so affected employee morale, or the court's ability to retain or hire competent employees, that they were reasonable and necessary to achieve the court's constitutional *592 and statutory responsibilities; and (3) whether Crawford County and/or Kalkaska County entered into a contract with the 46th Circuit Court to fund pension and health care benefits at a specific level. In all other respects, leave to appeal is DENIED. The motion for peremptory reversal is DENIED.
Because of the unique characteristics of this case, we ORDER that Kalkaska and Crawford Counties shall file a joint appellants' brief, not to exceed 70 pages. The 46th Circuit Court and Otsego County shall file a joint appellees' brief, not to exceed 70 pages. Kalkaska and Crawford Counties may file a joint reply brief as provided by MCR 7.306(C). The parties shall not file additional briefs without first obtaining the approval of the Court. The parties' briefs may not advance arguments regarding any issues on which this Court has denied leave. Briefs that do not conform to this direction may be stricken. We also ORDER the parties to designate lead counsel and inform the Clerk of such designation. Lead counsel shall manage and coordinate the preparation of briefs to avoid any duplication of issues. Only lead counsel will be permitted to present oral argument.
The Michigan Association of Counties' motion to file brief amicus curiae is GRANTED. The Michigan Association of Counties is invited to file a brief amicus curiae within the time for filing the joint appellants' brief. MCR 7.306(D). Other persons or groups interested in the determination of the questions presented in this case may move the Court for permission to file briefs amicus curiae.